Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Samantha Y. Hsu (SBN 285,853)
samantha.hsu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation, | Civil Action No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT, BREACH OF CONTRACT, AND UNFAIR COMPETITION** |
| v. | |
| NAVAJO MANUFACTURING CO., a Colorado corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Defendant Navajo Manufacturing Company ("Defendant") and alleges as follows:

## I. THE PARTIES

1. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant Navajo Manufacturing Company is a corporation organized and existing under the laws of the state of California and has a principal place of business at 5330 Fox Street, Denver, Colorado 80216.

3. Oakley is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, as it arises under the patent laws of the United States. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by regularly doing and soliciting business and deriving revenue from goods provided to individuals in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such

/ / /

eyewear products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b).

### III. GENERAL ALLEGATIONS

8. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9. On January 28, 2003, the United States Patent and Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Design Patent No. D469,458 ("the D458 Patent"), entitled "EYEGLASS FRONT." Oakley is the owner by assignment of all right, title, and interest in the D458 Patent. A true and correct copy of the D458 Patent is attached hereto as Exhibit A.

10. On November 6, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D554,689 ("the D689 Patent"), entitled "EYEGLASS FRAME." Oakley is the owner by assignment of all right, title, and interest in the D689 Patent. A true and correct copy of the D689 Patent is attached hereto as Exhibit B.

11. On or about March 5, 2010, Oakley sent Defendant a cease and desist letter alleging that Defendant infringes certain Oakley intellectual property rights, including allegations that Defendant's eyewear model 51177 infringes the D458 Patent and that Defendant's eyewear model 51187 infringes the D689 Patent.

12. Shortly after Oakley sent its March 5, 2010 cease and desist letter, the parties resolved their dispute and executed a Settlement Agreement, which was effective as of March 26, 2010 ("Settlement Agreement").

///

13. As a condition of the Settlement Agreement, Defendant agreed to stop making, using, offering to sell, or selling in the United States the accused 51177 and 51187 sunglasses.

14. As a separate condition of the Settlement Agreement, Defendant agreed not to make, use, offer to sell, or sell in the United States any eyewear that infringes the D458 Patent or the D689 Patent during the respective term of each patent.

15. As a separate condition of the Settlement Agreement, the parties agreed that in any subsequent action to enforce the provisions of the Settlement Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees, in addition to costs and other relief of the court.

16. On March 18, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D564,571 ("the D571 Patent"), entitled "EYEGLASS AND EYEGLASS COMPONENTS." Oakley is the owner by assignment of all right, title, and interest in the D571 Patent. A true and correct copy of the D571 Patent is attached hereto as Exhibit C.

17. On November 25, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D581,450 ("the D450 Patent"), entitled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D450 Patent. A true and correct copy of the D450 Patent is attached hereto as Exhibit D.

18. On February 5, 2013, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D675,667 ("the D667 Patent"), entitled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D667 Patent. A true and correct copy of the D667 Patent is attached hereto as Exhibit E.

19. Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. §287.

20. Defendant manufactures, uses, sells, offers for sale and/or imports into the United States eyewear that infringe Oakley's patent rights, including products that infringe the D458 Patent and the D689 Patent in direct violation of the terms of the Settlement Agreement.

## IV.  FIRST CLAIM FOR RELIEF

(Patent Infringement)
(35 U.S.C. § 271)

21. Oakley repeats and re-alleges the allegations of paragraphs 1-20 of this Complaint as if set forth fully herein.

22. This is a claim for patent infringement under 35 U.S.C. § 271.

23. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D458 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D458 Patent, including for example, Defendant's sunglass model Speed.

24. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D689 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D689 Patent, including for example, the sunglass model in Defendant's X-Shades depicted in the photograph attached hereto as Exhibit F.

25. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D571 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D571 Patent, including for example, Defendant's sunglass model Callisto.

26. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D450 Patent by

1  directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D450 Patent, including for example, Defendant's sunglass model Encore.

27. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D667 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D667 Patent, including for example, Defendant's sunglass Item #91056.

28. Defendant's acts of patent infringement were undertaken without permission or license from Oakley. Oakley is informed and believes, and thereon alleges, that Defendant had knowledge of each of the asserted patents and its actions constitute willful and intentional patent infringement. Defendant infringed the asserted patents with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of each of the asserted patents. Defendant's acts of infringement were not consistent with the standards for its industry.

29. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

30. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

31. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

32. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement.

33. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

34. Defendant will continue to infringe the D458 Patent, the D689 Patent, the D571 Patent, the D450 Patent, and the D667 Patent to the great and irreparable injury of Oakley, unless enjoined by this Court.

## V. SECOND CLAIM FOR RELIEF

(Breach of Contract)

35. Oakley repeats and re-alleges the allegations of paragraphs 1-34 of this Complaint as if set forth fully herein.

36. The Settlement Agreement is a valid and enforceable contract entered into by Oakley and Defendant.

37. Oakley has performed all conditions, covenants, and promises required by the Settlement Agreement, except for those conditions, covenants, and promises that may be excused due to Defendant's conduct or actions.

38. Defendant has breached the Settlement Agreement by making, using, selling, offering for sale, and/or importing into the United States eyewear that infringe the D458 Patent, which is prohibited by the Settlement Agreement.

39. Defendant has breached the Settlement Agreement by making, using, selling, offering for sale, and/or importing into the United States eyewear that infringe the D689 Patent, which is prohibited by the Settlement Agreement.

40. As a direct and proximate result of Defendant's breach of the Settlement Agreement, Oakley has been harmed and is entitled to monetary relief in an amount to be determined at trial.

41. As a direct and proximate result of Defendant's breach of the Settlement Agreement, Oakley is entitled to its reasonable attorneys' fees, in addition to costs and other relief of the court under the Settlement Agreement for the necessity of enforcing the provisions of the Settlement Agreement.

42. As a direct and proximate result of Defendant's breach of the Agreement, Oakley has also suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

(Unfair Competition)

43.  Oakley repeats and re-alleges the allegations of paragraphs 1-42 of this Complaint as if set forth fully herein.

44.  This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq.*, and California common law.

45.  Defendant's acts of breach of contract complained of herein constitute unfair competition with Oakley under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, *et seq.*

46.  Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

47.  By its actions, Defendant has injured and violated the rights of Oakley and has irreparably injured Oakley, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A.  That the D458 Patent, the D689 Patent, the D571 Patent, the D450 Patent, and the D667 Patent each be deemed valid and willfully infringed by Defendant under 35 U.S.C. § 271;

B.  A preliminary and permanent injunction under 35 U.S.C. § 283 enjoining Defendant, its respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation

/ / /

with Defendant, from infringing the D458 Patent, the D689 Patent, the D571 Patent, the D450 Patent, or the D667 Patent in violation of 35 U.S.C. § 271;

C. That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the D458 Patent, the D689 Patent, the D571 Patent, the D450 Patent, and the D667 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley under 35 U.S.C. § 284 and/or Defendant's total profits from such infringement pursuant to 35 U.S.C. § 289;

D. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful infringement pursuant to 35 U.S.C. § 284;

E. An Order deeming this to be an exceptional case within the meaning of 35 U.S.C. § 285, entitling Oakley to an award of its reasonable attorneys' fees, expenses and costs in this action;

F. An Order adjudging that Defendant has breached its contractual obligations owed to Oakley under the Settlement Agreement;

G. That Defendant account for all gains, profits, and advantages derived by Defendant's breach of the Settlement Agreement and that Defendant pay to Oakley all damages suffered by Oakley as a result of Defendant's breach of the Settlement Agreement;

H. That Oakley have and recover its actual attorneys' fees, expenses and costs for Defendant's breach of contract;

I. That interest be awarded on all applicable damages resulting from Defendant's breach of contract under California Civil Code § 3289;

J. That Defendant be adjudged to have competed unfairly with Oakley under the common law of the State of California, and that Defendant's actions in doing so be adjudged willful and malicious;

K. For an Order adjudging Defendant to have competed unfairly with Oakley under California Business & Professions Code § 17200, *et seq.*, and that

- 8 -


Defendant's actions in doing so be adjudged intentional, willful and done knowingly;

L.   For a permanent injunction enjoining Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from engaging in any act or practice which constitutes unfair competition against Oakley;

M.   For an award to Oakley of any and all other specific, general and compensatory damages according to proof;

N.   For an order that the actions of Defendant were willful, intentional, and/or malicious and awarding Oakley punitive damages;

O.   An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

P.   Such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 11, 2014          By: */s/ Ali S. Razai*
                                  Michael K. Friedland
                                  Ali S. Razai
                                  Samantha Y. Hsu

                                  Attorneys for Plaintiff
                                  OAKLEY, INC.

# DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 11, 2014          By: */s/ Ali S. Razai*
                                  Michael K. Friedland
                                  Ali S. Razai
                                  Samantha Y. Hsu

                              Attorneys for Plaintiff
                              OAKLEY, INC.

18415329